UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WALKER, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN NATIONAL INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 16-cv-06255-HSG <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE; DENYING PLAINTIFFS' MOTION TO REMAND** <br><br> Re: Dkt. Nos. 13, 19 |

Pending before the Court is Plaintiffs Anthony Walker and Pamela Walker's ("Plaintiffs") motion to remand, which Defendant American National Insurance Company ("ANICO") opposes. *See* Dkt. Nos. 13, 20. Also before the Court is Defendant Rajeshvar Singh's ("Mr. Singh," together, "Defendants") motion to dismiss. Dkt. No. 19. The Court finds that these matters are appropriate for disposition without oral argument and they are deemed submitted. *See* N.D. Civ. L.R. 7–1(b). For the reasons described below, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss with prejudice.

### I. LEGAL STANDARD

A defendant may remove a state court action to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1332. Diversity jurisdiction exists only where there is: (1) complete diversity between the residency of the plaintiffs and the defendants; and (2) a sufficient amount in controversy. 28 U.S.C. 1332(a). Where either of those elements of diversity are lacking, federal courts must remand the action to the state court. *See id.* § 1447(c). However, a district court may disregard a non-diverse party and retain federal jurisdiction if the party resisting removal can show that the non-diverse party was fraudulently joined. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to

the settled rules of the state." *Id.* However, there is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden." *Id.* at 1046. Defendants must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). On a motion to dismiss, the Court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). But the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

## II. DISCUSSION

Defendants do not dispute that Plaintiffs and Mr. Singh are residents of the same state. *See* Dkt. No. 20 at 1. Plaintiffs thus argue "that this action [must] be remanded to state court because diversity jurisdiction indisputably does not exist, and therefore this Court lacks jurisdiction to hear this case." Dkt. No. 13-1 at 2. However, ANICO contends that Mr. Singh is a sham defendant who was fraudulently joined to this action in order to defeat federal diversity jurisdiction. Dkt. No. 20 at 1. Specifically, Defendants contend that Plaintiffs' motion to remand should be denied and the claims against Mr. Singh should be dismissed because the complaint alleges that at all relevant times, Mr. Singh was "a District Manager of [ANICO] and acting in the course and scope of such agency and or employment with [ANICO]." Dkt. Nos. 1-1 ¶ 4, 19 at 4, 20 at 6. The Court agrees with Defendants.

In general, under California law, "a negligence claim cannot be stated by an insured against agents and employees of an insurer" because "[a]n agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency." *Feizbakhsh v. Travelers Commer. Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 U.S. Dist. LEXIS 123471, at *12 (C.D. Cal. Sept. 9, 2016). Because the

complaint alleges that Mr. Singh was at all relevant times an employee of ANICO, Mr. Singh is immune from liability unless he was acting as a "dual agent," or for his own advantage. *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (holding that "[i]t is well established that, unless an agent or employee acts as a dual agent . . . she cannot be held individually liable as a defendant unless she acts for her own personal advantage.").

"Under California law, a 'dual agent' theory requires that the insurance agent act on behalf of the insured in some way beyond his or her capacity as an agent for the insurer. An insurance agent cannot be a 'dual agent' unless he or she is either an independent broker or has a long-term, special relationship with the insured." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 804, 808 (N.D. Cal. 1998). Nothing in the complaint indicates that Mr. Singh was an independent broker, or in a special relationship with Plaintiffs. To the contrary, it alleges that Mr. Singh was a "District Manager of ANICO and acting in the course and scope of such agency and or employment." Dkt. No. 1-1 ¶ 4. Nor do Plaintiffs offer any facts to support a theory that Mr. Singh, acting within the scope of his employment at ANICO, owed a special duty to Plaintiffs or held himself out as having any particular expertise. *See Mercado*, 340 F.3d at 826 n.1 (stating that "[a]n employee acts as a 'dual agent" by assuming special duties for the benefit of the insured beyond those required by her principal"). Instead, Plaintiffs only allege that Mr. Singh failed to investigate Plaintiffs' disputes, failed to provide Plaintiffs with adequate information pertaining to their claims or policies, and refused to reinstate their policies. *Id.* Without more, these facts cannot demonstrate that Mr. Singh was either acting as a dual agent or for his personal advantage such that he may be personally liable in this action. Mr. Singh is thus immune from suit as ANICO's agent, and the Court **GRANTS** his motion to dismiss. While leave to amend a complaint that has been dismissed should generally be freely granted, Fed. R. Civ. Proc. 15(a), since Mr. Singh is immune from suit, "the pleading could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), and the Court grants Mr. Singh's motion with prejudice.

Accordingly, and for the same reasons, the Court finds that Mr. Singh was improperly joined in this action such that diversity jurisdiction is proper, and **DENIES** Plaintiffs' motion to

1  remand. The Court **SETS** a case management conference for September 12, 2017 at 2:00 p.m. A
2  joint case management conference statement is due by September 6, 2017.

3  **IT IS SO ORDERED.**

4  Dated: 8/22/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge